UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. HAWKINS, | ) | Case No.: 1:03 CV 2349 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | ORDER |

On August 29, 2007, at 2:30 p.m., the court held an evidentiary hearing in the within case regarding Petitioner Michael E. Hawkins' ("Petitioner" or "Hawkins") claim that he received ineffective assistance of counsel because of his counsel's alleged failure to communicate a plea offer. (*See* Order, ECF No. 22.)  The hearing was attended by Petitioner (who appeared by video conference), Petitioner's appointed counsel Anthony J. Vegh, Petitioner's former counsel Jacqueline Johnson ("Johnson"), Assistant United States Attorney ("AUSA") Ronald B. Bakeman ("Bakeman"), and AUSA Blas Serrano.  Petitioner, Johnson, and Bakeman testified at the hearing.

Petitioner acknowledged that the government had presented him and his counsel at the time, James L. Oakar ("Oakar"), with a plea offer of approximately twelve years sometime between September and December 1998, but that Petitioner had refused to sign it.  Petitioner also testified that he remembered a conversation with Johnson, who represented him upon resentencing, in which she asked him why he did not take the government's prior plea offer of approximately *ten* years.

According to Petitioner, he took this to mean that the government had presented a ten-year plea offer to his counsel, yet had not informed him of the offer.  Petitioner further stated that he would have signed the ten-year plea offer had he known about it.

Johnson testified that she had a conversation with AUSA Bakeman in which he told her about a plea offer of approximately 160 to 180 months, during the time when Oakar represented Petitioner, and asked her why Petitioner had rejected it.  Johnson also testified that she had a conversation with Petitioner in which she asked him why he had not signed the plea offer that AUSA Bakeman had mentioned.  She also testified that AUSA Bakeman had never mentioned a ten-year plea offer to her and that she did not mention any other plea offer to Petitioner other than the one that was made when Oakar was Petitioner's counsel.

AUSA Bakeman testified that he made only one plea offer in the within case, the one that Petitioner remembers receiving and rejecting while represented by Oakar.  That agreement was for 156 to 188 months.  AUSA Bakeman also testified that he and another AUSA at the time, now Magistrate Judge Kenneth S. McHargh, had met with Petitioner to discuss this twelve-year plea offer, and that Petitioner refused to sign.  AUSA Bakeman also testified that no plea offers were made while Petitioner was represented by any of his other counsel (Scott H. Ballou, William L. Summers, Edwin J. Vargas, and Ramie Resnick).

At the hearing, there was no evidence presented from any counsel or party with knowledge of the relevant facts that a second plea offer of ten years, or any other time period, existed.  Based on this evidence, the court finds that no plea offer existed other than the one offer that was made to Petitioner, which he acknowledges that he refused to sign.  As such, Hawkins' ineffective assistance of counsel claim for failure to communicate a plea offer is not well-taken.  Together with the court's

-2-

rulings in its prior Order of July 6, 2007 (*see* Order, ECF No. 22), the court hereby denies

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF

No. 1).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate

of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

     IT IS SO ORDERED.


                 /s/ SOLOMON OLIVER, JR.
                 UNITED STATES DISTRICT JUDGE


August 30, 2007